O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD YOUNGHOON SHIN, | Case No. 8:22-cv-01850-CAS-DFM |
| Plaintiff, | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| STEVE SMITH, Acting Warden, | |
| Defendant. | |

**I.    INTRODUCTION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (dkt. 1), the Proposed First Amended Petition (dkt. 15-2, "PFAP"), all of the records herein, the Report and Recommendation of United States Magistrate Judge (dkt. 20, the "Report"), and the Objections to the Magistrate Judge's Report and Recommendation (dkt. 23, the "Objections" or "Obj."). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections

1

have been stated. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

## II.   BACKGROUND

On December 7, 2018, petitioner Edward Younghoon Shin ("Petitioner") was convicted by an Orange County Superior Court jury of first degree-murder, committed for financial gain. Dkt. 9-1. Petitioner was sentenced to life in prison without the possibility of parole. Dkt. 9-2.

Petitioner appealed his conviction to the California Court of Appeal. Dkt. 9-3. Petitioner's appeal raised the PFAP's first four grounds for relief, alleging that Petitioner was denied his constitutional due process rights under the Fifth, Sixth, and Fourteenth Amendments because: (1) the trial court erroneously admitted prejudicial hearsay and inflammatory emails; (2) the prosecutor committed misconduct during his cross-examination of Petitioner and counsel was ineffective for failing to object; (3) the above errors cumulatively created a prejudicial effect; and (4) the trial court erred in denying his post-verdict motions to continue and for a new trial. Dkt. 9-3; PFAP ¶¶ 16-31. On April 14, 2021, the California Court of Appeal affirmed the trial court's judgment. Dkt. 9-6 at 41. The California Supreme Court denied review on July 14, 2021. Dkts. 9-7, 9-8.

On October 7, 2022, Petitioner filed his initial Petition for Writ of Habeas Corpus ("federal Petition"), raising the four claims that he brought on direct appeal as well as a fifth claim for ineffective assistance of counsel. Dkt. 1 ¶¶ 13-32. Petitioner concurrently filed a motion to stay the federal Petition pursuant to Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), to allow him to exhaust his fifth claim. Dkt. 3. On or around October 14, 2022, Petitioner filed a habeas corpus petition in the Orange County Superior Court ("state Petition"), raising his fifth

claim. Dkt. 14-1 at 58-173. On December 12, 2022, the Orange County Superior Court denied the state Petition as untimely and meritless. See id. at 187-91.

On January 25, 2023, the Honorable Magistrate Judge Douglas F. McCormick granted the Kelly stay, dismissing the unexhausted fifth claim from the federal Petition and staying the remaining claims. Dkt. 11 at 4. Petitioner's state Petition was subsequently denied by the California Court of Appeal and the California Supreme Court. PFAP ¶¶ 13-14.

On January 29, 2024, Petitioner filed the instant motion to amend his federal Petition to add the now-exhausted fifth claim, attaching his PFAP. Dkt. 15. On May 9, 2024, Magistrate Judge McCormick issued a Report and Recommendation, recommending that the Court deny Petitioner's motion. Dkt. 20. On June 24, 2024, Petitioner filed his Objections. Dkt. 23.

### III. LEGAL STANDARD

28 U.S.C. § 2242 provides that habeas corpus applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Similarly, Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Accordingly, the amendment of a federal habeas petition is governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a), after a responsive pleading has been filed, amendment is permitted "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party,

futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)).

### IV. DISCUSSION

Petitioner argues that the motion to amend his federal Petition should be granted because (1) his fifth claim was timely filed, given statutory tolling and/or equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); (2) even if his fifth claim was not timely filed, it relates back to his first four claims; and (3) alternatively, a retroactive stay pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005) is warranted, which would have stayed Petitioner's fifth claim as of October 7, 2022 and satisfied AEDPA's one-year statute of limitations. Obj. at 2-6.

The Court agrees with Magistrate Judge McCormick that Petitioner's fifth claim is untimely and does not relate back to the original claims. Report at 5-11. Additionally, the Court agrees with Magistrate Judge McCormick that any amendment of the federal Petition to add the fifth claim would be futile. Id. at 11.

First, Magistrate Judge McCormick is correct in his analysis that, while AEDPA's one-year statute of limitations is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review," see 28 U.S.C. § 2244(d)(2), an untimely petition is not "properly filed." See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006) ("Because the California courts dismissed Bonner's petition as untimely, his petition was not "properly filed" under AEDPA. Accordingly, he is not entitled to tolling under § 2244(d)(2)."). Here, the Orange County Superior Court denied "[a]ll of petitioner's claims and subclaims… as untimely," see dkt. 14-1 at 187, and Petitioner's subsequent state petitions, which were denied without comment,

are presumed to have been denied for the same reason. Accordingly, Petitioner is not entitled to tolling under AEDPA.

Petitioner is also not entitled to equitable tolling, which requires "(1) that [Petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner argues that the denial of statutory tolling constitutes an "extraordinary circumstance." See Obj. at 6. However, the Court finds that the denial of statutory tolling is not an extraordinary circumstance "beyond a prisoner's control that ma[de] it impossible to file a petition on time." See Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003). Petitioner also argues that his claim for actual innocence should be a "catalyst" for equitable tolling. See Obj. at 6. The Court agrees with Magistrate Judge McCormick that "none of the evidence on which [Petitioner] relies suggests that he is actually innocent," and, to the contrary, "as the Court of Appeal noted… there was 'overwhelming evidence of [Petitioner's] guilt.'" Report at 8.

Second, Magistrate Judge McCormick is correct in his analysis that Petitioner's fifth claim does not "relate back" to his original four claims. This is because the fifth claim, which addresses trial counsel's allegedly inadequate pretrial investigation and failure to call a forensic accounting expert at trial, is supported by facts that "differ in both time and type" from the original four claims. See Mayle v. Felix, 545 U.S. 644, 650 (2005). The Court agrees with Magistrate Judge McCormick that Petitioner's first three claims, which deal with the trial court's admission of evidence and the prosecutor's alleged misconduct at trial, do not share "a common core of operative facts" with the fifth claim for ineffective assistance of counsel. See id. at 664. The fourth claim shares one fact with the fifth claim: that post-verdict, Petitioner learned that the victim's brother sold several gold pieces alleged to be in Petitioner's possession. However, the Court

5

agrees with Magistrate Judge McCormick that, given that the fifth claim is based on several other pieces of unrelated, allegedly exculpatory evidence, the two claims "do not share a common core of operative facts." Report at 11.

Third, Magistrate Judge McCormick is correct in his analysis that amendment to add the fifth claim would be futile because the fifth claim is procedurally barred. The Court agrees that the Orange County Superior Court, in reviewing Petitioner's fifth claim, "clearly invoked California's timeliness procedural bar" pursuant to Ex parte Dixon, 41 Cal. 2d 756, 758 (1953), which is an independent and adequate state procedural ground that bars later federal habeas review of a claim on the merits. See Walker v. Martin, 562 U.S. 307, 321 (2011). The Court further agrees that Petitioner has not demonstrated "cause for the default and actual prejudice as a result of the alleged violation of federal law, or [] that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A retroactive Rhines stay would be futile for the same reason.

Accordingly, the Court finds that Petitioner's fifth claim is barred under AEDPA's statute of limitations and would nevertheless be barred from review on the merits pursuant to the independent and adequate state ground doctrine.

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that Petitioner's motion to amend his federal Petition is DENIED.

Dated: 12/30/2024

CHRISTINA A. SNYDER
United States District Judge